UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ARAMIS MAURICE MANN, )
　 )
　　Petitioner, )
　 )
v. ) CV419-033
　 )
STATE OF GEORGIA, )
　 )
　　Respondent. )

# ORDER

Aramis Mann seeks relief from his state conviction and sentence pursuant to 28 U.S.C. § 2254.[1]  *See* doc. 1.  His petition reveals that he is incarcerated at Smith State Prison.  *Id.*  It further reveals that he was convicted in Gordon County, Georgia.  *Id.* at 2.  This Court is, therefore, not the proper forum for his petition.

Federal law allows § 2254 petitions to be filed in the district within which petitioner was convicted or in the district within which he is confined.  28 U.S.C. § 2241(d); *Wright v. Indiana*, 263 F. App'x 794, 795

---

[1] Mann's petition refers to a previously-filed habeas action "to this court."  Doc. 1 at 3, 6.  A search of the Court's docket for any other action to which Mann was a party revealed no such action.

1

(11th Cir. 2008). Thus, this Court has jurisdiction over the petition.[2] Nevertheless, it is the longstanding judicial policy and practice to funnel such petitions into the district within which the state prisoner was convicted, since that will be the most convenient forum. *Eagle v. Linahan,* 279 F.3d 926, 933 n. 9 (11th Cir. 2001); *see also Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970); *see Wright*, 263 F. App'x at 795. That practice also fosters an equitable distribution of habeas cases between the districts. Gordon County lies in the Northern District of Georgia. *See* 28 U.S.C. § 90(a)(3). Accordingly, this case is **TRANSFERRED** to the United States District Court for the Northern District of Georgia for all further proceedings. *See* 28 U.S.C. § 1404(a) (permitting a district court to transfer any civil action to another district or division where it may have been brought for the convenience of parties and witnesses and in the interest of justice); *Rufus v. Kemp*, 2013 WL 2659983 at * 1 (S.D. Ga. June 12, 2013).

---

[2] The Clerk filed this as a Savannah Division case, but Tattnall County lies in this Court's Statesboro Division. 28 U.S.C. § 90(c)(6). The issue is moot, however, because this action is transferred to the Northern District of Georgia.

**SO ORDERED,** this 11th day of February, 2019.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia